Laura Van Note, Esq. (S.B. #310160) *
Cody Alexander Bolce, Esq. (S.B. #322725) *
**COLE & VAN NOTE**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone:    (510) 891-9800
Facsimile:    (510) 891-7030
Email: lvn@colevannote.com
Email: cab@colevannote.com
Web:  www.colevannote.com

*\*Pro hac vice* forthcoming

Attorneys for Representative Plaintiffs
and the Plaintiff Classes

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Mital and Paul Hampton, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Paydayz Staffing Solutions, Inc.; Tower Eight Staffing Solutions, Inc. d/b/a Labor for Hire; and Carvin Wilson Software, LLC d/b/a Carvin Software, LLC,<br><br>                    Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF FOR:**<br><br>1. **NEGLIGENCE;**<br>2. **NEGLIGENCE** *PER SE*;<br>3. **BREACH OF IMPLIED CONTRACT;**<br>4. **FLORIDA DECEPTIVE AND UNFAIRTRADE PRACTICES ACT.**<br><br>**[JURY TRIAL DEMANDED]** |

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

Representative Plaintiffs allege as follows:

## INTRODUCTION

1.      Representative Plaintiffs Richard Mital and Paul Hampton ("Representative Plaintiffs") bring this class action against Defendant Paydayz Staffing Solutions, Inc. ("Paydayz"), Defendant Tower Eight Staffing Solutions, Inc. d/b/a Labor for Hire ("Tower Eight") and Defendant Carvin Wilson Software, LLC d/b/a Carvin Software, LLC ("Carvin") (collectively "Defendants") for their failure to properly secure and safeguard Representative Plaintiffs' and Class Members' personally identifiable information stored within Defendants' information networks, including without limitation full names, Social Security numbers and financial account information (these types of information, *inter alia*, being thereafter referred to, collectively, as "personally identifiable information" or "PII").[1]

2.      With this action, Representative Plaintiffs seek to hold Defendants responsible for the harms they caused and will continue to cause Representative Plaintiffs and, at least, 187,360[2] other similarly situated persons in the massive and preventable cyberattack purportedly discovered by Defendants on March 9, 2023, by which cybercriminals infiltrated Defendants' inadequately protected network servers and accessed highly sensitive PII which was being kept unprotected (the "Data Breach").

---

[1]     Personally identifiable information ("PII") generally incorporates information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information that on its face expressly identifies an individual. PII also is generally defined to include certain identifiers that do not on its face name an individual, but that are considered to be particularly sensitive and/or valuable if in the wrong hands (for example, Social Security numbers, passport numbers, driver's license numbers, financial account numbers, etc.).

[2]     "*Data Breach Notifications,*" https://apps.web.maine.gov/online/aeviewer/ME/40/da9980e7-3853-4e57-ba2b-a71ab83c19ab.shtml/ (last accessed May 9, 2023).

Complaint for Damages, Injunctive Relief and Equitable Relief

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

3.    Representative Plaintiffs further seek to hold Defendants responsible for not ensuring that their PII was maintained in a manner consistent with industry and other relevant standards.

4.    While Defendants claim to have discovered the breach as early as March 9, 2023, Defendants did not begin informing victims of the Data Breach until May 2, 2023 and failed to inform victims when or for how long the Data Breach occurred. Indeed, Representative Plaintiffs and Class Members were wholly unaware of the Data Breach until they received letters from Defendants informing them of it. The Notices received by Representative Plaintiffs were dated May 2, 2023.

5.    Defendants acquired, collected, and stored Representative Plaintiffs' and Class Members' PII. Therefore, at all relevant times, Defendants knew or should have known that Representative Plaintiffs and Class Members would use Defendants' services to store and/or share sensitive data, including highly confidential PII.

6.    By obtaining, collecting, using, and deriving a benefit from Representative Plaintiffs' and Class Members' PII, Defendants assumed legal and equitable duties to those individuals. These duties arise from state and federal statutes and regulations as well as common law principles.

7.    Defendants disregarded Representative Plaintiffs' and Class Members' rights by intentionally, willfully, recklessly and/or negligently failing to take and implement adequate and reasonable measures to ensure that Representative Plaintiffs' and Class Members' PII was safeguarded, failing to take available steps to prevent an unauthorized disclosure of data and failing to follow applicable, required and appropriate protocols, policies and procedures regarding the encryption of data, even for internal use. As a result, Representative Plaintiffs', and Class Members' PII was compromised through disclosure to an unknown and unauthorized third party—an undoubtedly nefarious third party seeking to profit off this disclosure by defrauding Representative Plaintiffs and Class Members in the future. Representative Plaintiffs and Class Members have a continuing

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief and Equitable Relief

1  interest in ensuring their information is and remains safe and are entitled to injunctive and
2  other equitable relief.

4  **JURISDICTION AND VENUE**

5  8.  Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity
6  jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this
7  action under 28 U.S.C. § 1332(d) because this is a class action where the amount in
8  controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there
9  are more than 100 members in the proposed Class and at least one other Class Member is
10  a citizen of a state different from Defendants.

11  9.  Supplemental jurisdiction to adjudicate issues pertaining to state law is
12  proper in this Court under 28 U.S.C. § 1367.

13  10.  Defendants routinely conduct business in the State where this District is
14  located, have sufficient minimum contacts in this State and have intentionally availed
15  themselves of this jurisdiction by marketing and selling products and services, and by
16  accepting and processing payments for those products and services within this State.

17  11.  Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial
18  part of the events that gave rise to Representative Plaintiffs' claims took place within this
19  District, and Defendants do business in this Judicial District.

21  **PLAINTIFFS**

22  12.  Plaintiff Mital is an adult individual and, at all relevant times herein, was a
23  resident and citizen of the State of Oklahoma. Plaintiff Mital is a victim of the Data Breach.

24  13.  Plaintiff Hampton is an adult individual and, at all relevant times herein, was
25  a resident and citizen of the State of Florida. Plaintiff Hampton is a victim of the Data
26  Breach.

27  14.  Defendants received highly sensitive PII from Representative Plaintiffs in
28  connection the services Representative Plaintiffs obtained/received/requested. As a result,

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

Representative Plaintiffs' information was among the data accessed by an unauthorized third party in the Data Breach.

15.    At all times herein relevant, Representative Plaintiffs are and were a member of each of the Classes.

16.    As required in order to obtain services from Defendants, Representative Plaintiffs provided Defendants with highly sensitive PII.

17.    Representative Plaintiffs' PII was exposed in the Data Breach because Defendants stored and/or shared Representative Plaintiffs' PII. Representative Plaintiffs' PII was within the possession and control of Defendants at the time of the Data Breach.

18.    Representative Plaintiffs received a letter from Defendant Carvin, dated May 2, 2023, stating Representative Plaintiffs' PII was involved in the Data Breach (the "Notice").

19.    As a result, Representative Plaintiffs spent time dealing with the consequences of the Data Breach, which included and continues to include, time spent verifying the legitimacy and impact of the Data Breach, exploring credit monitoring and identity theft insurance options, self-monitoring their accounts and seeking legal counsel regarding their options for remedying and/or mitigating the effects of the Data Breach. This time has been lost forever and cannot be recaptured.

20.    Representative Plaintiffs suffered actual injury in the form of damages to and diminution in the value of Representative Plaintiffs' PII—a form of intangible property that Representative Plaintiffs entrusted to Defendants, which was compromised in and as a result of the Data Breach.

21.    Representative Plaintiffs suffered lost time, annoyance, interference, and inconvenience as a result of the Data Breach and have anxiety and increased concerns for the loss of privacy, as well as anxiety over the impact of cybercriminals accessing, using and selling Representative Plaintiffs' PII.

22.    Representative Plaintiffs suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft and misuse resulting from

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1   Representative Plaintiffs' PII, in combination with Representative Plaintiffs' names, being

2   placed in the hands of unauthorized third parties/criminals.

3         23.     Representative Plaintiffs have a continuing interest in ensuring that

4   Representative Plaintiffs' PII, which, upon information and belief, remains backed up in

5   Defendants' possession, is protected and safeguarded from future breaches.

6

7                                **<u>DEFENDANTS</u>**

8         24.     Defendant Paydayz is a Kansas corporation with a principal place of

9   business located at 601 North Mur Len Road, Suite 14, Olathe, Kansas 66062. Defendant

10   Paydayz is a staffing company dedicated to "putting the right people in the right jobs."[3]

11         25.     Defendant Tower is a Florida corporation with a principal place of business

12   located at 1551 Forum Place, Suite 300F, West Palm Beach, Florida 33401. Defendant

13   Tower is a staffing company "powered by" four different brands: Skilled Resources, Labor

14   for Hire, Safety & Risk Advisors and Safety Alliance.[4] Through Labor for Hire, Tower

15   provides "construction staffing" that meets clients' "ever changing demands."[5]

16         26.     Defendant Carvin is an Arizona limited liability company with a principal

17   place of business located at 70 South Val Vista Drive, Suite A3, Gilbert, Arizona 85296.

18   Defendant Carvin is a software company that "lives and breathes staffing," and develops

19   staffing software that is ultimately purchased by companies such as Paydayz.[6] According

20   to the Notices, Defendant Carvin was in possession of Representative Plaintiffs' PII due to

21   its relationships with Defendant Paydayz and Defendant Tower.

22         27.     The true names and capacities of persons or entities, whether individual,

23   corporate, associate or otherwise, who may be responsible for some of the claims alleged

24   here are currently unknown to Representative Plaintiffs. Representative Plaintiffs will seek

25

26   [3]   *"Paydayz Staffing"* https://paydayzstaffing.com/ (last accessed May 9, 2023).

27   [4]   *"Labor for Hire,"* https://www.laborforhire.com/ (last accessed May 10, 2023).
       [5]   *Id.*

28   [6]   *"Staffing Complete,"* https://carvinsoftware.com/staffing-complete (last accessed May
       9, 2023).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  leave of court to amend this Complaint to reflect the true names and capacities of such

2  responsible parties when their identities become known.

3

4                    **CLASS ACTION ALLEGATIONS**

5      28.    Representative Plaintiffs bring this action pursuant to the provisions of Rules

6  23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of

7  Representative Plaintiffs and the following classes/subclass(es) (collectively, the

8  "Class(es)"):

9      **Nationwide Class:**
       "All individuals within the United States of America whose PII was
10     exposed to unauthorized third parties as a result of the data breach
       discovered by Defendants on March 9, 2023."

11
       **Oklahoma Subclass:**
12     "All individuals within the State of Oklahoma whose PII was exposed
       to unauthorized third parties as a result of the data breach discovered
13     by Defendants on March 9, 2023."

14     **Florida Subclass:**
       "All individuals within the State of Florida whose PII was exposed to
15     unauthorized third parties as a result of the data breach discovered by
       Defendants on March 9, 2023."
16

17     29.    Excluded from the Classes are the following individuals and/or entities:

18  Defendants and Defendants' parents, subsidiaries, affiliates, officers and directors and any

19  entity in which Defendants have a controlling interest, all individuals who make a timely

20  election to be excluded from this proceeding using the correct protocol for opting out, any

21  and all federal, state or local governments, including but not limited to its departments,

22  agencies, divisions, bureaus, boards, sections, groups, counsel and/or subdivisions, and all

23  judges assigned to hear any aspect of this litigation, as well as their immediate family

24  members.

25     30.    In the alternative, Representative Plaintiffs request additional subclasses as

26  necessary based on the types of PII that were compromised.

27     31.    Representative Plaintiffs reserve the right to amend the above definition or

28  to propose subclasses in subsequent pleadings and motions for class certification.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

32.    This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed Classes is easily ascertainable.

a.    <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible. Representative Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members is in the tens of thousands of individuals. Membership in the Classes will be determined by analysis of Defendants' records.

b.    <u>Commonality</u>: Representative Plaintiffs and the Class Members share a community of interest in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including but not necessarily limited to:

1)    Whether Defendants had a legal duty to Representative Plaintiffs and the Classes to exercise due care in collecting, storing, using and/or safeguarding their PII;

2)    Whether Defendants knew or should have known of the susceptibility of their data security systems to a data breach;

3)    Whether Defendants' security procedures and practices to protect its systems were reasonable in light of the measures recommended by data security experts;

4)    Whether Defendants' failure to implement adequate data security measures allowed the Data Breach to occur;

5)    Whether Defendants failed to comply with their own policies and applicable laws, regulations and industry standards relating to data security;

6)    Whether Defendants adequately, promptly, and accurately informed Representative Plaintiffs and Class Members that their PII had been compromised;

7)    How and when Defendants actually learned of the Data Breach;

8)    Whether Defendants' conduct, including their failure to act, resulted in or was the proximate cause of the breach of their systems, resulting in the loss of Representative Plaintiffs' and Class Members' PII;

9)    Whether Defendants adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief and Equitable Relief

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

10) Whether Defendants engaged in unfair, unlawful, or deceptive practices by failing to safeguard Representative Plaintiffs' and Class Members' PII;

11) Whether Representative Plaintiffs and Class Members are entitled to actual and/or statutory damages and/or whether injunctive, corrective and/or declaratory relief and/or an accounting is/are appropriate as a result of Defendants' wrongful conduct;

12) Whether Representative Plaintiffs and Class Members are entitled to restitution as a result of Defendants' wrongful conduct.

c.    <u>Typicality</u>: Representative Plaintiffs' claims are typical of the claims of the Plaintiff Classes. Representative Plaintiffs and all members of the Plaintiff Classes sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d.    <u>Adequacy of Representation</u>: Representative Plaintiffs in this class action are adequate representatives of each of the Plaintiff Classes in that the Representative Plaintiffs have the same interest in the litigation of this case as the Class Members, are committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to other Class Members or the Classes in their entireties. Representative Plaintiffs anticipate no management difficulties in this litigation.

e.    <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual member of the Plaintiff Classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of the Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

33.    Class certification is proper because the questions raised by this Complaint are of common or general interest affecting numerous persons, such that it is impracticable to bring all Class Members before the Court.

34.    This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to Class Members, thereby

requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Classes in their entireties. Defendants' policies and practices challenged herein apply to and affect Class Members uniformly and Representative Plaintiffs' challenge of these policies and practices hinges on Defendants' conduct with respect to the Classes in their entireties, not on facts or law applicable only to Representative Plaintiffs.

35.    Unless a Class-wide injunction is issued, Defendants may continue in its failure to properly secure the PII of Class Members, and Defendants may continue to act unlawfully as set forth in this Complaint.

36.    Further, Defendants have acted or refused to act on grounds generally applicable to the Classes and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

## COMMON FACTUAL ALLEGATIONS

### The Cyberattack

37.    In the course of the Data Breach, one or more unauthorized third parties accessed Class Members' sensitive data, including but not limited to full names, Social Security numbers and financial account information. Representative Plaintiffs were among the individuals whose data was accessed in the Data Breach.

38.    According to the Data Breach Notification, which Defendant Carvin filed with the Office of the Maine Attorney General, 187,360 persons were affected by the Data Breach.[7]

---

[7]    *"Data Breach Notifications,"* https://apps.web.maine.gov/online/aeviewer/ME/40/da9980e7-3853-4e57-ba2b-a71ab83c19ab.shtml/ (last accessed May 9, 2023).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

39.     Representative Plaintiffs were provided the information detailed above upon Representative Plaintiffs' receipt of a letter from Defendant Carvin, dated May 2, 2023. Representative Plaintiffs were not aware of the Data Breach until receiving that letter.

**Defendants' Failed Response to the Breach**

40.     Upon information and belief, the unauthorized third-party cybercriminals gained access to Representative Plaintiffs' and Class Members' PII with the intent of misusing the PII, including marketing and selling Representative Plaintiffs' and Class Members' PII.

41.     Not until roughly two months after they claim to have discovered the Data Breach did Defendants begin sending the Notice to persons whose PII Defendants confirmed was potentially compromised as a result of the Data Breach. The Notice provided basic details of the Data Breach and Defendants' recommended next steps.

42.     The Notice included, *inter alia*, the claims that Defendants had learned of the Data Breach on March 9, 2023, and Defendants later discovered the unauthorized access began as early as February 22, 2023.

43.     Defendants had and continues to have obligations created by applicable federal and state law as set forth herein, reasonable industry standards, common law and their own assurances and representations to keep Representative Plaintiffs' and Class Members' PII confidential and to protect such PII from unauthorized access.

44.     Representative Plaintiffs and Class Members were required to provide their PII to Defendants in order to receive services, and as part of providing services, Defendants created, collected, and stored Representative Plaintiffs' and Class Members' PII with the reasonable expectation and mutual understanding that Defendants would comply with their obligations to keep such information confidential and secure from unauthorized access.

45.     Despite this, Representative Plaintiffs and the Class Members remain, even today, in the dark regarding what particular data was stolen, the particular malware used and what steps are being taken, if any, to secure their PII going forward. Representative

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

Plaintiffs and Class Members are thus left to speculate as to where their PII ended up, who has used it and for what potentially nefarious purposes. Indeed, they are left to further speculate as to the full impact of the Data Breach and how exactly Defendants intend to enhance their information security systems and monitoring capabilities so as to prevent further breaches.

46.     Representative Plaintiffs' and Class Members' PII may end up for sale on the dark web, or simply fall into the hands of companies that will use the detailed PII for targeted marketing without Representative Plaintiffs' and/or Class Members' approval. Either way, unauthorized individuals can now easily access Representative Plaintiffs' and Class Members' PII.

**Defendants Collected/Stored Class Members' PII**

47.     Defendants acquired, collected, stored, and assured reasonable security over Representative Plaintiffs' and Class Members' PII.

48.     As a condition of their relationships with Representative Plaintiffs and Class Members, Defendants required that Representative Plaintiffs and Class Members entrust Defendants with highly sensitive and confidential PII. Defendants, in turn, stored that information on Defendants' systems that were ultimately affected by the Data Breach.

49.     By obtaining, collecting, and storing Representative Plaintiffs' and Class Members' PII, Defendants assumed legal and equitable duties over the PII and knew or should have known that they were thereafter responsible for protecting Representative Plaintiffs' and Class Members' PII from unauthorized disclosure.

50.     Representative Plaintiffs and Class Members have taken reasonable steps to maintain their PII's confidentiality. Representative Plaintiffs and Class Members relied on Defendants to keep their PII confidential and securely maintained, to use this information for business purposes only and to make only authorized disclosures of this information.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

51.     Defendants could have prevented the Data Breach, which began no later than February 22, 2023, by properly securing and encrypting and/or more securely encrypting their servers generally, as well as Representative Plaintiffs' and Class Members' PII.

52.     Defendants' negligence in safeguarding Representative Plaintiffs' and Class Members' PII is exacerbated by repeated warnings and alerts directed to protecting and securing sensitive data, as evidenced by the trending data breach attacks in recent years.

53.     Due to the high-profile nature of these breaches and other breaches of their kind, Defendants were and/or certainly should have been on notice and aware of such attacks occurring in their industries and, therefore, should have assumed and adequately performed the duty of preparing for such an imminent attack. This is especially true given that Defendants are sophisticated operations with the resources to put adequate data security protocols in place.

54.     And yet, despite the prevalence of public announcements of data breach and data security compromises, Defendants failed to take appropriate steps to protect Representative Plaintiffs' and Class Members' PII from being compromised.

**Defendants Had an Obligation to Protect the Stolen Information**

55.     In failing to adequately secure Representative Plaintiffs' and Class Member's sensitive data, Defendants breached duties they owed Representative Plaintiffs and Class Members under statutory and common law. Representative Plaintiffs and Class Members surrendered their highly sensitive PII to Defendants under the implied condition that Defendants would keep it private and secure. Accordingly, Defendants also had an implied duty to safeguard their PII, independent of any statute.

56.     Defendants were prohibited by the Federal Trade Commission Act (the "FTC Act") (15 U.S.C. § 45) from engaging in "unfair or deceptive acts or practices in or affecting commerce." The Federal Trade Commission (the "FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers'

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  sensitive personal information is an "unfair practice" in violation of the FTC Act. *See, e.g.,*

2  *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

3       57.    In addition to its obligations under federal and state laws, Defendants owed

4  a duty to Representative Plaintiffs and Class Members to exercise reasonable care in

5  obtaining, retaining, securing, safeguarding, deleting, and protecting the PII in Defendants'

6  possession from being compromised, lost, stolen, accessed and misused by unauthorized

7  persons. Defendants owed a duty to Representative Plaintiffs and Class Members to

8  provide reasonable security, including consistency with industry standards and

9  requirements, and to ensure that their computer systems, networks, and protocols

10  adequately protected Representative Plaintiffs' and Class Members' PII.

11       58.    Defendants owed a duty to Representative Plaintiffs and Class Members to

12  design, maintain and test their computer systems, servers, and networks to ensure that all

13  PII in their possession was adequately secured and protected.

14       59.    Defendants owed a duty to Representative Plaintiffs and Class Members to

15  create and implement reasonable data security practices and procedures to protect all PII

16  in their possession, including not sharing information with other entities who maintained

17  sub-standard data security systems.

18       60.    Defendants owed a duty to Representative Plaintiffs and Class Members to

19  implement processes that would immediately detect a breach on their data security systems

20  in a timely manner.

21       61.    Defendants owed a duty to Representative Plaintiffs and Class Members to

22  act upon data security warnings and alerts in a timely fashion.

23       62.    Defendants owed a duty to Representative Plaintiffs and Class Members to

24  disclose if their computer systems and data security practices were inadequate to safeguard

25  individuals' PII from theft because such an inadequacy would be a material fact in the

26  decision to entrust their PII to Defendants.

27

28

63. Defendants owed a duty of care to Representative Plaintiffs and Class Members because they were foreseeable and probable victims of any inadequate data security practices.

64. Defendants owed a duty to Representative Plaintiffs and Class Members to encrypt and/or more reliably encrypt Representative Plaintiff's and Class Members' PII and monitor user behavior and activity in order to identity possible threats.

## Value of the Relevant Sensitive Information

65. While the greater efficiency of electronic records translates to cost savings for businesses, it also comes with the risk of privacy breaches. These electronic records contain a plethora of sensitive information that is valuable to cyber criminals. One individual's complete record can be sold for hundreds of dollars on the dark web. As such, PII is a valuable commodity for which a "cyber black market" exists in which criminals openly post stolen payment card numbers, Social Security numbers and other personal information on a number of underground internet websites.

66. The high value of PII to criminals is further evidenced by the prices they will pay for it through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200.[8] Experian reports that a stolen credit or debit card number can sell for $5 to $110 on the dark web.[9] Criminals can also purchase access to entire company data breaches from $999 to $4,995.[10]

---

[8] *Your personal data is for sale on the dark web. Here's how much it costs,* Digital Trends, Oct. 16, 2019, *available at*: https://www.digitaltrends.com/computing/personal-data-sold-on-the- dark-web-how-much-it-costs/ (last accessed July 28, 2021).
[9] *Here's How Much Your Personal Information Is Selling for on the Dark Web*, Experian, Dec. 6, 2017, *available at*: https://www.experian.com/blogs/ask-experian/heres-how-much-your-personal-information-is-selling-for-on-the-dark-web/ (last accessed November 5, 2021).
[10] *In the Dark*, VPNOverview, 2019, *available at*: https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark/ (last accessed January 21, 2022).

Complaint for Damages, Injunctive Relief and Equitable Relief

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

67.    Between 2005 and 2019, at least 249 million people were affected by healthcare data breaches.[11] Indeed, during 2019 alone, over 41 million healthcare records were exposed, stolen, or unlawfully disclosed in 505 data breaches.[12] In short, these sorts of data breaches are increasingly common, especially among healthcare systems, which account for 30.03 percent of overall health data breaches, according to cybersecurity firm Tenable.[13]

68.    These criminal activities have and will result in devastating financial and personal losses to Representative Plaintiffs and Class Members. For example, it is believed that certain PII compromised in the 2017 Experian data breach was being used three years later by identity thieves to apply for COVID-19-related benefits in the state of Oklahoma. Such fraud will be an omnipresent threat for Representative Plaintiffs and Class Members for the rest of their lives. They will need to remain constantly vigilant.

69.    The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." The FTC describes identifying information as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number."

70.    Identity thieves can use PII, such as that of Representative Plaintiffs and Class Members which Defendants failed to keep secure, to perpetrate a variety of crimes that harm victims. For instance, identity thieves may commit various types of government fraud such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain

[11]    https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7349636/#B5-healthcare-08-00133 (last accessed January 21, 2022).

[12]    https://www.hipaajournal.com/december-2019-healthcare-data-breach-report/ (last accessed January 21, 2022).

[13]    https://www.tenable.com/blog/healthcare-security-ransomware-plays-a-prominent-role-in-covid-19-era-breaches (last accessed January 21, 2022).

Complaint for Damages, Injunctive Relief and Equitable Relief

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

government benefits or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

71.     The ramifications of Defendants' failure to keep secure Representative Plaintiffs' and Class Members' PII are long lasting and severe. Once PII is stolen, particularly identification numbers, fraudulent use of that information and damage to victims may continue for years. Indeed, Representative Plaintiffs' and Class Members' PII was taken by hackers to engage in identity theft or to sell it to other criminals who will purchase the PII for that purpose. The fraudulent activity resulting from the Data Breach may not come to light for years.

72.     There may be a time lag between when harm occurs versus when it is discovered and also between when PII is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[14]

73.     When cyber criminals access financial information and other personally sensitive data—as they did here—there is no limit to the amount of fraud to which Defendants may have exposed Representative Plaintiffs and Class Members.

74.     And data breaches are preventable.[15] As Lucy Thompson wrote in the DATA BREACH AND ENCRYPTION HANDBOOK, "[i]n almost all cases, the data breaches that occurred could have been prevented by proper planning and the correct design and implementation of appropriate security solutions."[16] She added that "[o]rganizations that

---

[14] *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:* http://www.gao.gov/new.items/d07737.pdf (last accessed January 21, 2022).
[15] Lucy L. Thompson, "Despite the Alarming Trends, Data Breaches Are Preventable," *in* DATA BREACH AND ENCRYPTION HANDBOOK (Lucy Thompson, ed., 2012)
[16] *Id.* at 17.

collect, use, store, and share sensitive personal data must accept responsibility for protecting the information and ensuring that it is not compromised…."[17]

75. Most of the reported data breaches are a result of lax security and the failure to create or enforce appropriate security policies, rules, and procedures. Appropriate information security controls, including encryption, must be implemented, and enforced in a rigorous and disciplined manner so that a *data breach never occurs*.[18]

76. Here, Defendants knew of the importance of safeguarding PII and of the foreseeable consequences that would occur if Representative Plaintiffs' and Class Members' PII was stolen, including the significant costs that would be placed on Representative Plaintiffs and Class Members as a result of a breach of this magnitude. As detailed above, Defendants knew or should have known that the development and use of such protocols were necessary to fulfill their statutory and common law duties to Representative Plaintiffs and Class Members. Their failure to do so is therefore intentional, willful, reckless and/or grossly negligent.

77. Defendants disregarded the rights of Representative Plaintiffs and Class Members by, *inter alia*, (i) intentionally, willfully, recklessly and/or negligently failing to take adequate and reasonable measures to ensure that their network servers were protected against unauthorized intrusions, (ii) failing to disclose that they did not have adequately robust security protocols and training practices in place to adequately safeguard Representative Plaintiffs' and Class Members' PII, (iii) failing to take standard and reasonably available steps to prevent the Data Breach, (iv) concealing the existence and extent of the Data Breach for an unreasonable duration of time, and (v) failing to provide Representative Plaintiffs and Class Members prompt and accurate notice of the Data Breach.

---

[17] *Id.* at 28.
[18] *Id.*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

# FIRST CLAIM FOR RELIEF
## Negligence
### (On behalf of the Nationwide Class and the Oklahoma and Florida Subclasses)

78.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

79.    At all times herein relevant, Defendants owed Representative Plaintiffs and Class Members a duty of care, *inter alia*, to act with reasonable care to secure and safeguard their PII and to use commercially reasonable methods to do so. Defendants took on this obligation upon accepting and storing Representative Plaintiffs' and Class Members' PII on their computer systems and networks.

80.    Among these duties, Defendants were expected:

a.    to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PII in their possession;

b.    to protect Representative Plaintiffs' and Class Members' PII using reasonable and adequate security procedures and systems that were/are compliant with industry-standard practices;

c.    to implement processes to quickly detect the Data Breach and to timely act on warnings about data breaches; and

d.    to promptly notify Representative Plaintiffs and Class Members of any data breach, security incident or intrusion that affected or may have affected their PII.

81.    Defendants knew that the PII was private and confidential and should be protected as private and confidential and, thus, Defendants owed a duty of care not to subject Representative Plaintiffs and Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

82.    Defendants knew or should have known of the risks inherent in collecting and storing PII, the vulnerabilities of their data security systems and the importance of adequate security. Defendants knew about numerous, well-publicized data breaches.

83.    Defendants knew or should have known that their data systems and networks did not adequately safeguard Representative Plaintiffs' and Class Members' PII.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

84.    Only Defendants were in the position to ensure that their systems and protocols were sufficient to protect the PII that Representative Plaintiffs and Class Members had entrusted to them.

85.    Defendants breached their duties to Representative Plaintiffs and Class Members by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Representative Plaintiffs' and Class Members' PII.

86.    Because Defendants knew that a breach of their systems could damage thousands of individuals, including Representative Plaintiffs and Class Members, Defendants had a duty to adequately protect their data systems and the PII contained thereon.

87.    Representative Plaintiffs' and Class Members' willingness to entrust Defendants with their PII was predicated on the understanding that Defendants would take adequate security precautions. Moreover, only Defendants had the ability to protect their systems and the PII they stored on them from attack. Thus, Defendants had a special relationship with Representative Plaintiffs and Class Members.

88.    Defendants also had independent duties under state and federal laws that required Defendants to reasonably safeguard Representative Plaintiffs' and Class Members' PII and promptly notify them about the Data Breach. These "independent duties" are untethered to any contract between Defendants and Representative Plaintiffs and/or the remaining Class Members.

89.    Defendants breached their general duty of care to Representative Plaintiffs and Class Members in, but not necessarily limited to, the following ways:

        a.    by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Representative Plaintiffs' and Class Members' PII;

        b.    by failing to timely and accurately disclose that Representative Plaintiffs' and Class Members' PII had been improperly acquired or accessed;

        c.    by failing to adequately protect and safeguard the PII by knowingly disregarding standard information security principles, despite obvious

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

risks, and by allowing unmonitored and unrestricted access to unsecured PII;

d.    by failing to provide adequate supervision and oversight of the PII with which they were and are entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third party to gather Representative Plaintiffs' and Class Members' PII, misuse the PII and intentionally disclose it to others without consent;

e.    by failing to adequately train their employees to not store PII longer than absolutely necessary;

f.    by failing to consistently enforce security policies aimed at protecting Representative Plaintiffs' and the Class Members' PII;

g.    by failing to implement processes to quickly detect data breaches, security incidents or intrusions; and

h.    by failing to encrypt Representative Plaintiffs' and Class Members' PII and monitor user behavior and activity in order to identify possible threats.

90.    Defendants' willful failure to abide by these duties was wrongful, reckless and/or grossly negligent in light of the foreseeable risks and known threats.

91.    As a proximate and foreseeable result of Defendants' grossly negligent conduct, Representative Plaintiffs and Class Members have suffered damages and are at imminent risk of additional harms and damages (as alleged above).

92.    The law further imposes an affirmative duty on Defendants to timely disclose the unauthorized access and theft of the PII to Representative Plaintiffs and Class Members so that they could and/or still can take appropriate measures to mitigate damages, protect against adverse consequences and thwart future misuse of their PII.

93.    Defendants breached their duty to notify Representative Plaintiffs and Class Members of the unauthorized access by waiting roughly two months after learning of the Data Breach to notify Representative Plaintiffs and Class Members and then by failing and continuing to fail to provide Representative Plaintiffs and Class Members sufficient information regarding the breach. To date, Defendants have not provided sufficient information to Representative Plaintiffs and Class Members regarding the extent of the

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

unauthorized access and continue to breach their disclosure obligations to Representative Plaintiffs and Class Members.

94.    Further, through their failure to provide timely and clear notification of the Data Breach to Representative Plaintiffs and Class Members, Defendants prevented Representative Plaintiffs and Class Members from taking meaningful, proactive steps to, *inter alia*, secure and/or access their PII.

95.    There is a close causal connection between Defendants' failure to implement security measures to protect Representative Plaintiffs' and Class Members' PII and the harm suffered, or risk of imminent harm suffered by Representative Plaintiffs and Class Members. Representative Plaintiffs' and Class Members' PII was accessed as the proximate result of Defendants' failure to exercise reasonable care in safeguarding such PII by adopting, implementing, and maintaining appropriate security measures.

96.    Defendants' wrongful actions, inactions and omissions constituted (and continue to constitute) common law negligence.

97.    The damages Representative Plaintiffs and Class Members have suffered (as alleged above) and will continue to suffer were and are the direct and proximate result of Defendants' grossly negligent conduct.

98.    Additionally, 15 U.S.C. § 45 (FTC Act, Section 5) prohibits "unfair […] practices in or affecting commerce," including, as interpreted, and enforced by the FTC, the unfair act or practice by businesses, such as Defendants, of failing to use reasonable measures to protect PII. The FTC publications and orders described above also form part of the basis of Defendants' duty in this regard.

99.    Defendants violated 15 U.S.C. § 45 by failing to use reasonable measures to protect PII and not complying with applicable industry standards, as described in detail herein. Defendants' conduct was particularly unreasonable given the nature and amount of PII they obtained and stored and the foreseeable consequences of the immense damages that would result to Representative Plaintiffs and Class Members.

100.    Defendants' violation of 15 U.S.C. § 45 constitutes negligence *per se.*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

101.    As a direct and proximate result of Defendants' negligence and negligence *per se*, Representative Plaintiffs and Class Members have suffered and will continue to suffer injury, including but not limited to (i) actual identity theft, (ii) the loss of the opportunity of how their PII is used, (iii) the compromise, publication and/or theft of their PII, (iv) out-of-pocket expenses associated with the prevention, detection and recovery from identity theft, tax fraud and/or unauthorized use of their PII, (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest and recover from embarrassment and identity theft, (vi) lost continuity in relation to their personal records, (vii) the continued risk to their PII, which may remain in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect Representative Plaintiffs' and Class Members' PII in their continued possession, and (viii) future costs in terms of time, effort and money that will be expended to prevent, detect, contest and repair the impact of the PII compromised as a result of the Data Breach for the remainder of the lives of Representative Plaintiffs and Class Members.

102.    As a direct and proximate result of Defendants' negligence and negligence *per se*, Representative Plaintiffs and Class Members have suffered and will continue to suffer other forms of injury and/or harm, including but not limited to anxiety, emotional distress, loss of privacy and other economic and noneconomic losses.

103.    Additionally, as a direct and proximate result of Defendants' negligence and negligence *per se*, Representative Plaintiffs and Class Members have suffered and will continue to suffer the continued risks of exposure of their PII, which remains in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect PII in their continued possession.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

## SECOND CLAIM FOR RELIEF
### Negligence *Per Se*
### (On behalf of the Nationwide Class and the Oklahoma and Florida Subclasses)

104.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

105.    Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 prohibits companies such as Defendants from "using any unfair method of competition or unfair or deceptive act or practice in or affecting commerce," including failing to use reasonable measures to protect PII. In addition to the FTC Act, the agency also enforces other federal laws relating to consumers' privacy and security. The FTC publications and orders described above also form part of the basis of Defendants' duty in this regard.

106.    In addition to the FTC rules and regulations and state law, other states, and jurisdictions where victims of the Data Breach are located require that Defendants protect PII from unauthorized access and disclosure, and timely notify the victim of a data breach.

107.    Defendants violated FTC rules and regulations obligating companies to use reasonable measures to protect PII by failing to comply with applicable industry standards and by unduly delaying reasonable notice of the actual breach. Defendants' conduct was particularly unreasonable given the nature and amount of PII it obtained and stored and the foreseeable consequences of a Data Breach and the exposure of Representative Plaintiffs' and Class Members' highly sensitive PII.

108.    Each of Defendants' statutory violations of Section 5 of the FTC Act and other applicable statutes, rules, and regulations, constitute negligence *per se*.

109.    Representative Plaintiffs and the Class Members are within the category of persons the FTC Act was intended to protect.

110.    The harm that occurred as a result of the Data Breach described herein is the type of harm the FTC Act was intended to guard against.

111.    As a direct and proximate result of Defendants' negligence *per se*, Representative Plaintiffs and Class Members have been damaged as described herein, continue to suffer injuries as detailed above, are subject to the continued risk of exposure

of their PII in Defendants' possession and are entitled to damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
#### Breach of Implied Contract
**(On behalf of the Nationwide Class and the Oklahoma and Florida Subclasses)**

112.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

113.    Through their course of conduct, Defendants, Representative Plaintiffs and Class Members entered into implied contracts for Defendants to implement data security adequate to safeguard and protect the privacy of Representative Plaintiffs' and Class Members' PII.

114.    Defendants required Representative Plaintiffs and Class Members to provide and entrust their PII as a condition of obtaining Defendants' services.

115.    Defendants solicited and invited Representative Plaintiffs and Class Members to provide their PII as part of Defendants' regular business practices. Representative Plaintiffs and Class Members accepted Defendants' offers and provided their PII to Defendants.

116.    As a condition of being direct customers of Defendants, Representative Plaintiffs and Class Members provided and entrusted their PII to Defendants. In so doing, Representative Plaintiffs and Class Members entered into implied contracts with Defendants by which Defendants agreed to safeguard and protect such non-public information, to keep such information secure and confidential and to timely and accurately notify Representative Plaintiffs and Class Members if their data had been breached and compromised or stolen.

117.    A meeting of the minds occurred when Representative Plaintiffs and Class Members agreed to, and did, provide their PII to Defendants, in exchange for, amongst other things, the protection of their PII.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

118.    Representative Plaintiffs and Class Members fully performed their obligations under the implied contracts with Defendants.

119.    Defendants breached the implied contracts they made with Representative Plaintiffs and Class Members by failing to safeguard and protect their PII and by failing to provide timely and accurate notice to them that their PII was compromised as a result of the Data Breach.

120.    As a direct and proximate result of Defendants' above-described breach of implied contract, Representative Plaintiffs and Class Members have suffered and will continue to suffer (i) ongoing, imminent and impending threat of identity theft crimes, fraud and abuse, resulting in monetary loss and economic harm, (ii) actual identity theft crimes, fraud and abuse, resulting in monetary loss and economic harm, (iii) loss of the confidentiality of the stolen confidential data, (iv) the illegal sale of the compromised data on the dark web, (v) lost work time, and (f) other economic and noneconomic harm.

**FOURTH CLAIM FOR RELIEF**
**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**Fla. Stat. §§ 501.201, *et seq.***
**(On behalf of the Florida Subclass)**

121.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

122.    Plaintiff Hampton, individually (hereinafter "Plaintiff" for purposes of this Count only) and on behalf of the Florida Subclass, brings this claim.

123.    Plaintiff and Florida Subclass Members are "consumers" as defined by Fla. Stat. § 501.203.

124.    Defendants advertised, offered or sold goods or services in Florida and engaged in trade or commerce directly or indirectly affecting the people of Florida.

125.    Defendants engaged in unconscionable, unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of Fla. Stat. § 501.204(1), including:

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

a.    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff's and Florida Subclass Members' PII, which was a direct and proximate cause of the Data Breach;

b.    Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks and adequately maintain and/or improve security and privacy measures, which was a direct and proximate cause of the Data Breach;

c.    Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Florida Subclass Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45, *et seq.*, and Florida's data security statute, F.S.A. § 501.171(2), which was a direct and proximate cause of the Data Breach;

d.    Misrepresenting that they would protect the privacy and confidentiality of Plaintiff's and Florida Subclass Members' PII, including by implementing and maintaining reasonable security measures;

e.    Misrepresenting that they would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Florida Subclass Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45, *et seq.,* and Florida's data security statute, F.S.A. § 501.171(2);

f.    Omitting, suppressing, and concealing the material fact that they did not reasonably or adequately secure Plaintiff's and Florida Subclass Members' PII; and

g.    Omitting, suppressing, and concealing the material fact that they did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Florida Subclass Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45, *et seq.*, and Florida's data security statute, F.S.A. § 501.171(2).

126.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendants' data security and ability to protect the confidentiality of consumers' PII.

127.    Had Defendants disclosed to Plaintiff and Florida Subclass Members that their data systems were not secure and, thus, vulnerable to attack, Defendants would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendants held themselves out as large, sophisticated entities with the resources to put adequate data security protocols in place and organizations that could be trusted with valuable PII regarding numerous

consumers, including Plaintiff and the Florida Subclass. Defendants accepted the responsibility while keeping the inadequate state of their security controls secret from the public. Accordingly, because Defendants held themselves out as having the ability to maintain a secure environment for users' information with a corresponding duty of trustworthiness and care, Plaintiff and the Florida Subclass Members acted reasonably in relying on Defendants' misrepresentations and omissions, the truth of which they could not have discovered.

128.    As a direct and proximate result of Defendants' unconscionable, unfair, and deceptive acts and practices, Plaintiff and Florida Subclass Members have suffered and will continue to suffer injury, ascertainable losses of money or property and monetary and nonmonetary damages, including from fraud and identity theft, time and expenses related to monitoring their financial accounts for fraudulent activity, an increased, imminent risk of fraud and identity theft and loss of value of their PII.

129.    Plaintiff and Florida Subclass Members seek all monetary and nonmonetary relief allowed by law, including actual or nominal damages under Fla. Stat. § 501.21, declaratory and injunctive relief, reasonable attorneys' fees, and costs, under Fla. Stat. § 501.2105(1) and any other relief that is just and proper.

## RELIEF SOUGHT

**WHEREFORE,** Representative Plaintiffs, on their own behalf and on behalf of each member of the proposed National Class and Subclasses, respectfully request that the Court enter judgment in favor of Representative Plaintiffs and the Classes and for the following specific relief against Defendants as follows:

1.    That the Court declare, adjudge, and decree that this action is a proper class action and certify each of the proposed Classes and/or any other appropriate Subclasses under F.R.C.P. Rule 23 (b)(1), (b)(2), and/or (b)(3), including appointment of Representative Plaintiffs' counsel as Class Counsel;

Complaint for Damages, Injunctive Relief and Equitable Relief

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

2.    For an award of damages, including actual, nominal, and consequential damages, as allowed by law in an amount to be determined;

3.    That the Court enjoin Defendants, ordering them to cease and desist from unlawful activities;

4.    For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Representative Plaintiffs' and Class Members' PII, and from refusing to issue prompt, complete and accurate disclosures to Representative Plaintiffs and Class Members;

5.    For injunctive relief requested by Representative Plaintiffs, including but not limited to injunctive and other equitable relief as is necessary to protect the interests of Representative Plaintiffs and Class Members, including but not limited to an Order:

a.    prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

b.    requiring Defendants to protect, including through encryption, all data collected through the course of business in accordance with all applicable regulations, industry standards and federal, state, or local laws;

c.    requiring Defendants to delete and purge Representative Plaintiffs' and Class Members' PII unless Defendants can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Representative Plaintiffs and Class Members;

d.    requiring Defendants to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of Representative Plaintiffs' and Class Members' PII;

e.    requiring Defendants to engage independent third-party security auditors and internal personnel to run automated security monitoring, simulated attacks, penetration tests and audits on Defendants' systems on a periodic basis;

f.    prohibiting Defendants from maintaining Representative Plaintiffs' and Class Members' PII on a cloud-based database;

g.    requiring Defendants to segment data by creating firewalls and access controls so that if one area of Defendants' network is compromised, hackers cannot gain access to other portions of Defendants' systems;

h.    requiring Defendants to conduct regular database scanning and securing checks;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

i.      requiring Defendants to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling PII, as well as protecting the PII of Representative Plaintiffs and Class Members;

j.      requiring Defendants to implement a system of tests to assess their respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendants' policies, programs, and systems for protecting personal identifying information;

k.      requiring Defendants to implement, maintain, review, and revise as necessary a threat management program to appropriately monitor Defendants' networks for internal and external threats, and assess whether monitoring tools are properly configured, tested and updated;

l.      requiring Defendants to meaningfully educate all Class Members about the threats that they face as a result of the loss of their confidential personal identifying information to third parties, as well as the steps affected individuals must take to protect themselves.

6.      For prejudgment interest on all amounts awarded, at the prevailing legal rate;

7.      For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

8.      For all other Orders, findings and determinations identified and sought in this Complaint.

## JURY DEMAND

Representative Plaintiffs, individually and on behalf of the Plaintiff Classes and/or Subclasses, hereby demand a trial by jury for all issues triable by jury.

1  Dated: May 11, 2023

2

3                              By:    */s/ Cody Alexander Bolce*
                                      Cody Bolce, Esq. (C.A. S.B. #322725) *
                                      **COLE & VAN NOTE**
4                                     555 12th Street, Suite 1725
                                      Oakland, California 94607
5                                     Telephone: (510) 891-9800
                                      Facsimile:  (510) 891-7030
6                                     Email:      cab@colevannote.com

7

8                                     *Attorneys for Representative Plaintiffs and the*
                                      *Plaintiff Classes*

9                                     *\*Pro hac vice forthcoming*

10

11

12

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL.: (510) 891-9800

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-31-
Complaint for Damages, Injunctive Relief and Equitable Relief